UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BARRY J. BRETT and LESLIE BRETT,

                Plaintiffs,

    -against-

44th STREET RESTAURANT LLC.
d/b/a DB Bistro Moderne

                Defendant.
------------------------------------------------------------x

15 Civ.

**COMPLAINT**

Jury Trial Demanded

Plaintiffs, by their attorneys, Jaroslawicz & Jaros PLLC, complaining of the defendant, upon information and belief, allege as follows:

### THE PARTIES

1.    At all times hereinafter mentioned, plaintiffs are citizens of the State of Florida.

2.    At all times hereinafter mentioned, plaintiffs are lawfully husband and wife.

3.    At all times hereinafter mentioned, the defendant 44th Street Restaurant LLC is a New York limited liability company, duly organized and existing under and by virtue of the laws of the State of New York, authorized to do business and doing business in the State of New York with its principal place of business in the State of New York.

4.    At all times hereinafter mentioned, defendant 44th Street Restaurant LLC owned a food establishment known as DB Bistro Moderne at 55 West 44th Street, New York, New York 10036.

5.    At all times hereinafter mentioned, defendant 44th Street Restaurant LLC was doing business as DB Bistro Moderne.

6. At all times hereinafter mentioned, defendant 44th Street Restaurant LLC operated the aforementioned food establishment.

7. At all times hereinafter mentioned, defendant 44th Street Restaurant LLC maintained the aforementioned food establishment.

## JURISDICTION AND VENUE

8. Plaintiffs repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

9. That the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. That this Court has jurisdiction over the parties by reason of diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. 1332 in that the plaintiffs are citizens of the State of Florida and the defendant is a citizen of the State of New York.

11. Venue is properly placed in the United States District Court for the Southern District of New York since defendant does business here, the occurrence took place here, witnesses are located here, and this is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

12. Plaintiffs repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

13. On or about February 28, 2015 plaintiffs were patrons at the defendant's food establishment DB Bistro Moderne.

14. Plaintiff Barry J. Brett ordered Coq Au Vin, a chicken dish. When plaintiff swallowed a bite of food, he felt a foreign object go down his throat.

15. Plaintiff Barry J. Brett immediately stopped eating and both plaintiffs left the restaurant.

16. It was determined that the bite of food contained a foreign object which has been identified by plaintiff Barry J. Brett's surgeon as a 2.5 cm wire metal bristle commonly used to clean commercial grills and stoves.

17. The wire contained in defendant's food had perforated and become lodged in plaintiff's esophagus causing a serious and potentially fatal infection.

18. As a result, plaintiff Barry J. Brett required emergency surgery, confinement to a hospital Intensive Care Unit (ICU) and massive doses of IV antibiotics and other injuries as set forth more fully in ¶21 *infra*.

## AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF BARRY J. BRETT

19. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

20. Defendant, by its agents, servants and/or employees, were reckless, careless and negligent in providing diluted food adulterated with at least one or more metal or foreign objects believed to be a 2.5 cm wire metal bristle; in failing to properly inspect the food; in failing to properly coordinate the preparation, cooking and serving of food; in failing to properly and adequately ensure that cleaning brushes and bristles would not contaminate food defendant was preparing, cooking and serving to customers such as the plaintiff; in failing to have properly trained personnel; in failing to have efficient and sufficient personnel; in leaving a metal wire bristle in the food; in permitting a loose wire metal bristle to remain and be present in the area where food was being prepared; in failing to have adequate signs in the food preparation area; in failing to have rules, regulations and guidelines regarding how to properly clean the grills and

3

kitchen preparation area and equipment; in failing to properly inspect the food preparation area and cooking surfaces before food preparation;. defendant breached the warranty of merchantability and fitness for the purpose intended in that the food was not of merchantable quality and was not fit for the purpose intended and was hazardous and violated Uniform Commercial Code §2-314, 2-315, et seq.; in failing to follow proper food safety standards; in failing to follow and in violating HAACP standards; in violating applicable laws, rules and regulations including but not limited to Uniform Commercial Code §2-314, 2-315, *et seq*, 10 NYCRR §§14-1, 1.4, 1.8, 1.11, 1.31,1.71, 1.73, 1.80, 1.90-97, 1.110-117, 1.150, 1.172-173 *et seq.*; in failing to prepare food in a safe manner; in serving adulterated food; in failing to properly prepare the food; in failing to keep the food uncontaminated and free of foreign objects; in failing to warn customers such as the plaintiff that there may be metal or some other foreign object in the food; in failing to properly supervise defendant's personnel and defendant was otherwise reckless, careless and negligent. Plaintiff may also rely upon *res ipsa loquitor*.

21.     As a result of defendant's recklessness, careless and negligence, plaintiff Barry J. Brett was caused to suffer severe and permanent personal injuries, including injury and infection to his esophagus and throat due to a foreign object contained in defendant's food that had pierced and become lodged in plaintiff's esophagus causing an extensive and potentially fatal infection which required emergency surgery; esophageal foreign body with deep neck abscess due to esophageal perforation; required general anesthesia for surgery which included an esophagoscopy with removal of foreign body, incision and drainage of left neck/retropharyngeal/ retroesophageal abscess; infected with Eikenella and klebsiella; confined to the ICU for five days receiving IV antibiotics, fluids, nutrition and constant monitoring; prohibited from having any food or water by mouth for five days and then very minimally afterwards; confined to the

4

hospital for one week and his home for at least ten days; required a port for IV antibiotics after discharge from hospital and home health aide and nurse came to his home to administer IV antibiotics; required medical and hospital care and attention from ENT surgeon and infectious disease specialists and will require same in the future; required sutures to exterior of throat and neck; cosmetic scarring and deformity to the exterior of throat and neck area; fear of eating; fear of dying; emotional distress; extreme pain and suffering; mental anguish and distress; unable to eat regularly to date; unable to attend to his usual duties and vocation; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

22. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

<u>AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF BARRY J. BRETT</u>

23. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

24. Defendant, by its agents, servants, and/or employees, breached the warranty that the food was of merchantable quality and fit for the purpose intended as required by the Uniform Commercial Code 2-314 *et seq.*, 2-315, *et seq.*

25. That the defendant represented that the Coq Au Vin it prepared, cooked, distributed and sold to plaintiff Barry J. Brett was warranted and fit for the purpose intended when, in fact, the food was not fit for the purpose intended; was dangerous, defective and hazardous as aforesaid; and caused plaintiff to be injured as aforesaid in paragraph ¶21.

26. That the defendant's warranty misrepresented the safety of the food.

27.     By reason of the defendant's breach of warranty, plaintiff was caused to suffer severe and permanent personal injuries as set forth in ¶21 aforesaid.

28.     By reason of the foregoing, plaintiff is entitled to recover from the defendant for all of his damages.

### AS AND FOR A THIRD CLAIM FOR RELIEF BY PLAINTIFF BARRY J. BRETT

29.     Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

30.     The food prepared, cooked, served, sold and distributed by defendant was defective in that it was not properly prepared; contained a foreign object; was not properly inspected and prepared; dangerously prepared, distributed and sold; did not have proper warnings; could not be properly used for human consumption as intended; was made of inferior and foreign materials; and the food was otherwise defective.

31.     As a result of this defendant's negligence, plaintiff Barry J. Brett was caused to suffer severe and permanent personal injuries as set forth in ¶21 aforesaid.

32.     By reason of the foregoing, defendant is liable to the plaintiff under the doctrine of strict product liability.

33.     By reason of the foregoing, plaintiff is entitled to recover for all of his damages from the defendant.

### AS AND FOR A FOURTH CLAIM FOR RELIEF BY PLAINTIFF LESLIE BRETT

34.     Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

35. That at all times hereinafter mentioned, plaintiff Leslie Brett was the lawful wife of plaintiff Barry J. Brett and as such was entitled to his society, support, services and consortium.

36. By reason of the defendant's negligence, breach of warranty and liability pursuant to the doctrine of strict product liability as aforesaid, the plaintiff Leslie Brett was deprived of the society, support, services and consortium of her husband plaintiff Barry J. Brett.

37. By reason of the foregoing, the plaintiff is entitled to recover all of her damages from the defendant.

WHEREFORE, plaintiffs Barry J. Brett and Leslie Brett demand judgment against the defendant, to recover for all of their damages, all together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS PLLC
Attorneys for Plaintiffs
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
Elizabeth Eilender
EEilender@lawjaros.com
*Of Counsel*